FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 MAR 21 A 11: 13

SIGN_____ DC
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NONA KARPINSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06CV166-FJP-DLD |
| | ) | |
| ENCORE RECEIVABLE | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER

COMES NOW Defendant Encore Receivable Management, Inc. (hereinafter "Encore") by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint, states and alleges as follows:

I. INTRODUCTION

1. Encore admits that Plaintiff is asserting a claim under the Fair Debt Collection Practices Act, but denies that Plaintiff has stated a claim upon which relief can be granted.

II. JURISDICTION

2. Encore admits that this Court generally has jurisdiction over cases under 15

- 1 -

U.S.C. § 1692k, 28 U.S.C. 1331 and 1337, but denies that Plaintiff has any such claim herein.

### III. PARTIES

3. Encore lacks sufficient knowledge to admit or deny whether Plaintiff resides in Livingston Parish, Louisiana, but admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692k.

4. Encore admits the allegations in Paragraph 4 of Plaintiff's Complaint.

### IV. FACTUAL ALLEGATIONS

5. Encore denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Encore lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Encore lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Encore denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Encore lacks sufficient knowledge regarding any communication between Plaintiff and her daughter, and denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Encore denies the allegation in Paragraph 10 of Plaintiff's Complaint.

11. Encore denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Encore admits that a communications was had between an Encore representative and someone on July 14, 2005, but currently lacks sufficient knowledge to admit or deny the identity of the caller and, therefore, denies the remaining allegations in

Paragraph 12 of Plaintiff's Complaint.

13. Encore denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Encore denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Encore denies the allegations in Paragraph 15 of Plaintiff's Complaint

16. Encore lacks sufficient knowledge as to what communications may have transpired between Plaintiff and her supervisor at Bell South.

17. Encore admits that Plaintiff spoke with an Encore representative on July 27, 2005, but denies that that communication in any way violated the FDCPA.

18. Encore denies the allegation in Paragraph 18 of Plaintiff's Complaint.

19. Encore denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Encore denies the allegations in Paragraph 20 of Plaintiff's Complaint.

### DEFENDANT'S PRACTICES

21. Encore denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Encore denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Encore denies all allegations which have not been specifically admitted or denied herein.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant Encore affirmatively states that it maintains thorough training procedures for all employees who participate in collection communications and any collection communication, which allegedly violated the Fair Debt Collection Practices Act,

is subject to a *bona fide error* defense.

                              David Israel (LA. Bar No. 7174)
                              Brian D. Roth (LA Bar No. 22148
                              SESSIONS, FISHMAN & NATHAN, L.L.P.
                              201 St. Charles Avenue, 35th Floor
                              New Orleans, LA 70170-3500
                              Telephone:  (504) 582-1500
                              Facsimile:   (504) 582-1555

                              Counsel for Defendant,
                              Encore Receivable Management, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of March 2006, a copy of the foregiong was sent via FedEx to:

        Lawrence Talamo
        Clerk, U.S. District court
        Middle District of Louisiana
        Russell B. Long Federal Bldg.
        777 Florida Street
        Baton Rouge, Louisiana 70801-1712

and via Fax (225-343-7700) to:

        Garth J. Ridge, Esq.
        251 Florida Street, Suite 301
        Baton Rouge, Louisiana 70801

                              Brian D. Roth